[Cite as *FirstMerit Bank, N.A. v. Xyran, Ltd.*, 2013-Ohio-1039.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98740**

---

# FIRSTMERIT BANK, N.A.

PLAINTIFF-APPELLEE

vs.

# XYRAN, LTD., ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-726920

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANTS**

Brent L. English
Law Offices of Brent L. English
the 820 Building
820 W. Superior Avenue
9th Floor
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Brian J. Green
Shapero & Green, L.L.C.
25101 Chagrin Boulevard
Suite 220
Beachwood, Ohio   44122

EILEEN T. GALLAGHER, J.:

{¶1}    Defendants-appellants Xyran, Ltd. ("Xyran"), Bhupinder Sawhny, ("Bhupinder"), and Jaspreet Sawhny ("Jaspreet") (collectively "appellants") appeal the trial court's judgment granting plaintiff-appellee FirstMerit Bank, N.A. ("FirstMerit") a charging order against Bhupinder's interest in a private medical practice. We find no merit to the appeal and affirm.

{¶2} In February 2004, Xyran executed and delivered a promissory note in the amount of $480,000 to FirstMerit. Bhupinder and Jaspreet guaranteed the note. In May 2010, FirstMerit obtained a cognovit judgment on the note against appellants.

{¶3} FirstMerit foreclosed on the property securing the note and garnished Bhupinder's wages. However, FirstMerit stopped receiving garnished wages when Bhupinder left his former employer to open his own business. At a debtor's examination, FirstMerit discovered that Bhupinder, who is a neurosurgeon, had an ownership interest in The Center for Neurosurgery, L.L.C. ("The Center"), and filed a motion for a charging order against it. The court granted the motion without a hearing. Appellants now appeal and raise two assignments of error.

{¶4} In their first assignment of error, appellants argue the trial court erred in granting FirstMerit's motion for a charging order. They contend the charging order assigned Bhupinder's ownership interest in The Center to FirstMerit in violation of R.C. 4731.41, which prohibits the unauthorized practice of medicine. They also claim the

charging order violates the operating agreement of The Center, which does not permit him to assign his interest to anyone who is not a licensed physician in Ohio.

{¶5} Pursuant to R.C. 1705.19, a judgment creditor of a member of a limited liability company may apply to a court of common pleas to charge the membership interest of the member for payment of an unsatisfied judgment. R.C. 1705.01(H) defines "membership interest" as "a member's share of the profits and losses of a limited liability company and the right to receive distributions from that company." R.C. 1705.18 similarly provides that "an assignment of a membership interest does not * * * entitle the assignee to become or to exercise any rights of a member." Hence, a "membership interest" does not include the member's right to manage the limited liability company ("governance rights"). *Banc One Capital v. Russell*, 8th Dist. No. 74086, 1999 Ohio App. LEXIS 2879 (June 24, 1999). Because the charging order merely allows FirstMerit to garnish Bhupinder's financial interest in The Center, it does not allow the unauthorized practice of medicine or violate the terms of the operating agreement.

{¶6} Accordingly, we overrule the first assignment of error.

{¶7} In the second assignment of error, appellants argue the trial court erred in granting the charging order without holding an evidentiary hearing. They contend the court violated their constitutional rights to due process by failing to hold a hearing.

{¶8} However, appellants' brief in opposition to the motion for charging order failed, on its face, to set forth a legitimate basis for opposing the charging order. A trial court need not hold an evidentiary hearing when the materials submitted do not

demonstrate that the movant is entitled to relief. *State Alarm, Inc. v. Riley Indus. Servs.*, 8th Dist. No. 92760, 2010-Ohio-900, ¶11. In their brief in opposition, appellants argue that FirstMerit is prohibited from obtaining an assignment of Bhupinder's interest in the medical practice because such an assignment would allow FirstMerit to commit the unauthorized practice of medicine by partnering with other physicians. They also argue that the company's operating agreement prohibits Bhupinder from assigning his interest in the business to anyone who is not a licensed physician in Ohio.

{¶9} However, as previously explained, because R.C. 1705.19 only allows FirstMerit to garnish Bhupinder's profits in The Center and does not assign any governance rights to FirstMerit, it does not allow the unauthorized practice of medicine or violate the terms of the operating agreement. The law is clear on this issue. An evidentiary hearing was not warranted.

{¶10} Therefore, the second assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR